**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4767

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREEMAN DARRELL WELCH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (2:05-cr-00008)

Submitted: May 30, 2007          Decided: July 11, 2007

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freeman Darrell Welch appeals his jury conviction and life sentence for first degree murder in Indian country, in violation of 18 U.S.C. §§ 1111 and 1153. Following an evening of heavy drinking, Welch severely and repeatedly stabbed his wife, who died at the scene. Welch asserts the district court erred when it admitted evidence of an unrelated assault that occurred ten years prior involving Welch attacking Merlin Brown with a knife. This earlier assault also occurred while Welch was intoxicated, and Welch claimed directly afterwards that he did not remember assaulting Brown. He argues this evidence was not relevant or probative of his state of mind at the time he assaulted his wife and was unduly prejudicial.

We review the district court's admission of evidence for an abuse of discretion. See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). "[A]n abuse [of discretion occurs only when it can be said that the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir), cert. denied 127 S. Ct. 314 (2006). Although inadmissible solely to prove the character of a defendant, evidence of other crimes, wrongs, or acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) is an inclusive

rule, allowing only evidence of other crimes or acts that which tends to prove only criminal disposition. Such evidence is admissible if it is necessary, reliable, and relevant to an issue other than the defendant's character. United States v. Queen, 132 F.3d 991, 994-95, 997 (4th Cir. 1997). If the prior act evidence meets these criteria and the probative value is not substantially outweighed by its prejudicial effect, it may be admitted. Id. at 997. Limiting jury instructions explaining the purpose for admitting such evidence and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. Id.

In considering the relevance of the questioned evidence, "the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." Queen, 132 F.3d at 997. Welch's prior assault and purported defense that he did not remember assaulting the victim were very similar to the present crime. Welch argues here that due to intoxication, he could not have premeditated or deliberated the assault on his wife. The evidence of Welch's prior assault on Merlin Brown while intoxicated and his purported lack of memory of the assault was admissible under Rule 404(b) and was not unfairly prejudicial. The similarity of the conduct alleged tends to demonstrate the absence of mistake or accident and reveals a pattern in which Welch claims that due to his intoxication he does

not remember his bad acts.  Moreover, the occurrence of the prior assault and Welch's assertion he "blacked-out" only for the very brief time of the assault in both instances helped demonstrate that the defense of intoxication here was not worthy of belief.  These are permissible purposes for admission of evidence under Rule 404(b).  See, e.g., United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984).  Nor was the evidence unduly prejudicial——it was not lurid or inflammatory, nor did it tend to cause the jury to decide the case against Welch on an irrational basis.  See United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996).  It simply underlined the fact that Welch had become violent while intoxicated before and he similarly claimed that he was so impaired that he did not remember the assault, but remembered clearly the events leading up to the assault and the events directly following.

Moreover, the district court minimized the risk of unfair prejudice by explaining the proper uses of other crimes evidence when the evidence was introduced and in the jury charge prior to deliberation.  Queen, 132 F.3d at 997; see United States v. Alerre, 430 F.3d 681, 692 (4th Cir. 2005) ("Ordinarily, of course, we presume that a properly instructed jury has acted in a manner consistent with the instructions."), cert. denied, 126 S. Ct. 1925 (2006)).  Given these facts, we find the district court did not abuse its discretion in allowing the evidence pursuant to Rule 404(b).

Welch asserts the district court abused its discretion when it permitted the Government's expert witness to testify in rebuttal, because he was not placed on notice of the witness's testimony in violation of Fed. R. Crim. P. Rule 16. Welch argues that the Government intentionally gave the expert's report to Welch only minutes before the witness testified, and Welch's counsel did not have time to adequately prepare cross-examination.

Decisions regarding compliance with Rule 16 are also reviewed for abuse of discretion. See United States v. Young, 248 F.3d 260, 269 (4th Cir. 2001). Again, the court will find such an abuse of discretion only if the district court's evidentiary ruling was arbitrary or irrational. Williams, 445 F.3d at 732. While the report was given to Welch just minutes before Dr. White testified, Welch twice received notice of the Government's intent to use an expert witness, who remained on stand-by for rebuttal purposes. Welch could have requested the expert report, but did not so. Welch's decision not to request the expert report before the trial date was a strategic choice. Morever, counsel for Welch voiced a "general objection" to the testimony of Dr. White but then merely requested that he be permitted to ask Dr. White a few questions to determine whether he should be admitted as an expert. Counsel asked Dr. White questions about his background, and the expert was admitted based upon these responses. Any purported discovery violation did not prevent counsel from thoroughly cross-examining

- 5 -

Dr. White, and Welch did not suffer from substantial prejudice from the timing of the disclosure of Dr. White's report. The district court's decision to admit Dr. White's testimony was not an abuse of discretion.

For these reasons, we affirm Welch's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED